UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| THOMAS J. HOLMES, d/b/a Park 6 Bar, LLC, OTHA KEITH FAIR, d/b/a The Place on 6th LLC, JOSE MALDONADO, d/b/a The Cruise Inn, MARIA E. MALDONADO, d/b/a The Cruise Inn, WILBUR JONES, d/b/a Viper's Lounge, PYTHAPHONE KHAMPANE, d/b/a Ginger's Lounge, and OMJAI NUEAKEAW, d/b/a Ginger's Lounge, Plaintiffs, v. CITY OF RACINE, GARY BECKER, JOHN DICKERT, KURT S. WAHLEN, JAMES KAPLAN, GREGORY T. HELDING, DAVID L. MAACK, ARON WISNESKI, ROBERT MOZOL, MARK L. LEVINE, JOSEPH G. LEGATH, DOUGLAS E. NICHOLSON, and GREGORY S. BACH, Defendants. | Case No. 14-CV-208-JPS  ORDER |

On March 2, 2015, the defendants filed an expedited motion to compel discovery. (Docket #128). They request production of various emails between plaintiffs' counsel and James Spodick. (Docket #128). The plaintiffs refuse to produce those emails, asserting: (1) that 119 of them are privileged pursuant to an attorney-client relationship between counsel and Mr. Spodick; and (2) that 75 of the documents sent from Mr. Spodick to counsel contain work product, as Mr. Spodick is an investigator.

Mr. Spodick has two separate relations to this case. First, he owned property in Racine, which he rented to two of the plaintiffs. (Docket #139, Ex. 1, ¶ 2). On this basis, Mr. Spodick asserts that he considered participating in this case as a plaintiff and signed a retention agreement with the plaintiff's counsel. (Docket #139, Ex. 1, ¶¶ 5–7). Mr. Spodick also allegedly serves as an

investigator for the plaintiffs and has produced a documentary film, which contains interviews with many of the plaintiffs.

Previously, in *Solis v. Milk Specialties Co.*, the Court provided a detailed summary of the law relating to both attorney-client privilege and work product:

> The attorney-client privilege protects communications "[w]here legal advice of any kind is sought" from a lawyer. *United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997). Where the communications are made in confidence by the client for that purpose, they are permanently protected except where the privilege is waived. *Id.* By the same token, the privilege protects only communications, not the underlying facts. *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981). The party invoking the privilege bears the burden of establishing its existence, and the scope of the privilege is narrowly construed. *United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991)….where the purpose of the communications is to secure business advice, rather than legal advice, the attorney-client privilege does not apply. *See Burden–Meeks v. Welch*, 319 F.3d 897, 899 (7th Cir. 2003) (privilege covers legal subjects, and "hard to see why a business evaluation meets that description"); *see also, e.g., Sandra T.E. v. S. Berwyn Sch. Dist.*, 600 F.3d 612, 620 (7th Cir. 2010) (citing *Burden–Meeks* for the proposition); *In re Sealed Case*, 737 F.2d 94, 99 (D.C. Cir. 1984) (privilege applies only upon showing advice given in legal capacity).
>
> As to the work product doctrine, a party need not disclose materials prepared "in anticipation of litigation," including both opinion work product and ordinary or fact work product. Fed.R.Civ.P. 26(b)(3)(A); *Caremark, Inc. v. Affiliated Computer Servs., Inc.*, 195 F.R.D. 610, 616 (N.D. Ill. 2000); *see also, e.g., United States v. Nobles*, 422 U.S. 225, 237–38 (1975). The protection extends to materials prepared for the attorney by agents. *Nobles*, 422 U.S. at 238–39. The doctrine is intended to protect attorney thought process and mental impressions, as well as "to limit the circumstances in which attorneys may piggyback on the fact-finding investigation of their more

diligent counterparts." *Sandra T.E.*, 600 F.3d at 622. Again, the burden of establishing the privilege rests on the party invoking it. *Caremark*, 195 F.R.D. at 616. The "in anticipation" standard means that the materials "can fairly be said to have been prepared or obtained because of the prospect of litigation." *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 976–77 (7th Cir.1996) (emphasis in original). The Seventh Circuit further elaborated that the standard requires distinguishing between materials prepared in the ordinary course of business "as a precaution for the remote aspect of litigation" and those prepared "because some articulable claim, likely to lead to litigation… ha[s] arisen." *Id.* at 977 (emphasis and alteration in original). Despite protection, a party may still force disclosure if it establishes "substantial need" for the material and the inability to obtain the equivalent without "undue hardship." Fed.R.Civ.P. 26(b)(3)(A)(ii).

*Solis*, 854 F. Supp. 2d 629, 631–32 (E.D. Wis. 2012).

It is difficult to apply those principles to the limited record before the Court. But, doing so, it appears that the plaintiffs have met their burden to establish both attorney-client privilege and work product.

As to attorney-client privilege, it seems clear that Mr. Spodick entered into an attorney-client relationship with the plaintiffs' counsel, and that the attorney-client relationship remains ongoing. The mere fact that Mr. Spodick does not have any current claims in this lawsuit is irrelevant. His businesses were affected by the defendants' alleged actions, so it was rational that he would consider joining this lawsuit and retain the attorneys in charge of the lawsuit. Moreover, his potential claims remain hypothetically viable, as he may have suffered damage as a result of the defendants' alleged RICO activity. Finally, there is no indication that he has ever terminated his attorney-client relationship with the plaintiffs' counsel. Both his declaration and the declaration of one of his attorneys supports his contention that the relationship is ongoing. (Docket #130, Exs. 1, 2). With that said, the Court

notes that any recent or ongoing communications between the plaintiffs' counsel and Mr. Spodick may be very unlikely to contain privileged information. With the time for amendment of pleadings now passed, it appears exceedingly unlikely that Mr. Spodick will be joining this case as a party; and, given that his retention of the plaintiffs' counsel was for the limited purpose of a civil action against the City of Racine, the likelihood that any emails would contain privileged information about that representation is very low. The plaintiffs' privilege claims are on very thin ice. The Court urges them to seriously consider any claims of attorney-client privilege going forward. Finally, the defendants contend that the plaintiffs' attorneys' action is not consistent with an attorney-client relationship, because the plaintiffs' attorneys plan to take Spodick's deposition in this case. (Docket #128, at 5).[1] There is nothing inherently inappropriate with this approach, and it certainly does not satisfy the Court that the attorney-client relationship has been terminated. For these reasons, the Court finds that the plaintiffs have satisfied their burden to show the existence of attorney-client privilege and the Court will reject the defendants' motion to compel in that regard.

The plaintiffs have also carried their burden as to work product. Plaintiffs' counsel's declaration in that regard asserts that "Mr. Spodick also serves as an investigator and agent for our firms with respect to the above-captioned matter. As an investigator and agent, Mr. Spodick generated documents in anticipation of litigation. In responding to Municipal Defendants' document requests, we withheld such documents pursuant to the work product doctrine. We distinguished between documents Mr.

---

[1] The plaintiffs reiterate this argument in a letter filed in reply to the defendants' response. The Court will ignore that letter for failure to comply with Civil L.R. 7(h).

Spodick generated to support his documentary and documents Mr. Spodick generated in anticipation of litigation and only withheld the latter." (Docket #130, Ex. 2, ¶¶ 8–9). There is no reason to believe that the plaintiffs' counsel is lying about the fact that Mr. Spodick has acted as the plaintiffs' investigatory agent. Moreover, the plaintiffs assert that they adequately distinguished between information prepared for Mr. Spodick's documentary and work product prepared in anticipation of litigation, and only refused to disclose the latter. Again, there is no reason to believe that the plaintiffs are lying about this fact. Therefore, from the record before the Court, the Court finds that the work product doctrine applies to Mr. Spodick's materials and, thus, must deny the defendants' motion to compel in that regard.

Accordingly,

IT IS ORDERED that the defendants' motion to compel discovery (Docket #128) be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that the defendants' motion for leave to file excess pages (Docket #127) be and the same is hereby GRANTED.

Dated at Milwaukee, Wisconsin, this 17th day of March, 2015.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge